# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AUTO-OWNERS (MUTUAL) INSURANCE COMPANY,** : | CIVIL ACTION NO. 1:16-CV-2331 |
| : | |
| **Plaintiff** : | **(Chief Judge Conner)** |
| : | |
| v. : | |
| : | |
| **JAMES PEARSON, JR., PEARSON EXPEDITING SERVICES, LLC, and BECKY L. WILT,** : | |
| : | |
| **Defendants** : | |

## ORDER & JUDGMENT

AND NOW, this 10th day of October, 2017, upon consideration of the motion (Doc. 21) by plaintiff Auto-Owners (Mutual) Insurance Company ("Auto-Owners") requesting default judgment against defendants James Pearson, Jr. ("Pearson") and Pearson Expediting Services, LLC, (together, the "Pearson defendants") and Becky L. Wilt ("Wilt"), and the court noting that Auto-Owners initiated the above-captioned action by filing a complaint (Doc. 1) for declaratory judgment and breach of contract on November 18, 2016, wherein Auto-Owners avers that it issued an automobile insurance policy to the Pearson defendants which identified Pearson alone as the insured driver; that a vehicle insured under said policy was involved in a motor vehicle accident on May 6, 2015; and that, although the vehicle in question was operated by Wilt at the time of the accident, the Pearson defendants falsely and deliberately misrepresented to Auto-Owners on two occasions that Pearson had been operating the vehicle, (see Doc. 1 ¶¶ 14, 16, 25-33), in addition to other false and material misrepresentations, and wherein Auto-Owners thus asks the court

to declare that it has no duty to defend or indemnify the Pearson defendants under the policy's fraud exclusion, and further determine that the Pearson defendants have breached the policy by engaging in fraudulent behavior, (see id. ¶¶ 42-61), and the court further noting that Auto-Owners served the summons and complaint on the Pearson defendants by process server on March 18, 2017, (Doc. 14), and, with the court's leave, (Doc. 16), effected service upon defendant Wilt by publication in accordance with Federal Rule of Civil Procedure 4(e)(1) and Pennsylvania Rule of Civil Procedure 430 on May 26, 2017, (Doc. 17), and that all defendants failed to plead or otherwise defend, see FED. R. CIV. P. 12, resulting in the Clerk's entry of default (Doc. 20) against all defendants on July 31, 2017, see FED. R. CIV. P. 55(a); and, turning to Auto-Owners' instant motion for default judgment, which remains unopposed by any defendant, the court observing that entry of default judgment is appropriate when unchallenged facts of the complaint state a *prima facie* cause of action, see Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)), and finding that the undisputed *allegata* establish that the Pearson defendants' false statements actuate the fraud exclusion of the insurance policy, such that Auto-Owners has no obligation to provide coverage to, defend, or indemnify defendants for any claims that have arisen or may arise from the May 6, 2015 motor vehicle accident, and the court accordingly concluding that entry of default judgment is appropriate, and that, given the nature of this declaratory judgment action and Auto-Owners' requested relief, no further inquiry into the appropriate remedy is

required, see FED. R. CIV. P. 55(b)(2); Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), it is hereby ORDERED that:

1. Auto-Owners' motion (Doc. 21) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of Auto-Owners and against all defendants as set forth in the following paragraphs.

3. It is ADJUDGED and DECREED that:

   a. Auto-Owners has no obligation to provide coverage for the defendants under the terms, conditions and insuring agreements of Policy # 48-647-085-00 in connection with the suit brought by Leo and Nancy Tysak in the Court of Common Pleas of Franklin County, No. 2015-3544, or any related suits, notices of claims or potential claims reported or which could be reported in the future;

   b. Auto-Owners has no obligation to indemnify the defendants in connection with the suit brought by Leo and Nancy Tysak in the Court of Common Pleas of Franklin County, No. 2015-3544;

   c. As Auto-Owners has no obligation to indemnify the defendants in connection with the suit brought by Leo and Nancy Tysak in the Court of Common Pleas of Franklin County, No. 2015-3544, Auto-Owners has no further obligation to continue to defend the defendants in connection with the suit;

   d. Auto-Owners has no obligation to advance and/or reimburse the defendants for any fees or costs incurred in connection with the defense of the suit brought by Leo and Nancy Tysak in the Court of Common Pleas of Franklin County, No. 2015-3544, or any related claims, notices of claims or potential claims reported or which could be reported in the future; and

e.	Auto-Owners has no obligation to indemnify, pay any judgment or settlement which may be rendered, or make any reimbursement to the defendants for any amounts in connection with the suit brought by Leo and Nancy Tysak in the Court of Common Pleas of Franklin County, No. 2015-3 544, or any related claims, notices of claims or potential claims reported in the future.

4.	The Clerk of Court is directed to CLOSE this case.


    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania